IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN R. BLACK,

               Plaintiff,

     v.

D. CHARLES BAILEY, KEVIN BARTON,
LISA DELAPP, AARON MASSEY,
ANDREW PULVER, DOE MITCHELL,
RICHARD MOLLNER, DOE SUYMA,
DOE TONEY, DOE DEFENDANTS 1-5,
WASHINGTON COUNTY, and STATE OF
OREGON,

               Defendants.

Case No. 3:24-cv-00668-MO

ORDER

MOSMAN, District Judge.

     Plaintiff brings this prisoner civil rights case alleging that Washington County, the State

of Oregon, and individuals employed by the County and the State caused him to be held in jail

for over 515 days without a hearing after the Oregon Court of Appeals reversed his criminal

convictions following a direct appeal. He raises both federal constitutional claims as well as

supplemental state law claims which can be summarized as follow:

          I.       Defendants Bailey, Barton, Mollner, and Pulver violated
                 Plaintiff's Sixth Amendment right to a speedy trial and Fourteenth

1 - ORDER

Amendment right to due process by allowing him to be held in custody for an extended period of time without a trial or a hearing;

II.    Defendants DeLapp and Massey violated Plaintiff's First Amendment rights when they retaliated against him for filing a complaint against Massey;

III.    Defendants Bailey, Barton, Mollner, and Pulver violated the Oregon Constitution when they failed to timely permit Plaintiff to have a hearing or proceed to a retrial;

IV.    Defendants Bailey, Barton, Pulver, Mitchell, Mollner, Suyma, and Toney were negligent in allowing Plaintiff to remain confined for more than 500 days without a hearing or a retrial; and

V.    Defendant Washington County falsely imprisoned Plaintiff for 515 days when he was not afforded a hearing or a retrial.

Defendants Barton, Pulver, Mollner, and Bailey ("State Defendants") move to substitute the State of Oregon in their place as to Claims III and IV. All Defendants have also filed Motions to Dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Plaintiff has not responded to any of these pending motions. For the reasons that follow, all Motions are granted.

I.    **Motion to Substitute (#22)**

In his Amended Complaint, Plaintiff raises supplemental state law claims against the State Defendants based upon the Oregon Constitution (Claim III) as well as a negligence theory (Claim IV). *See* 28 U.S.C. § 1367 (permitting supplemental jurisdiction). A federal court exercising supplemental jurisdiction analyzes such claims under the law of the state in which the claims originate. *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938). In Oregon, for lawsuits brought against state employees acting within the scope of their official duties, the Oregon Tort Claims

Act requires that the State of Oregon be substituted as the Defendant for those individuals so long as statutory caps are not exceeded (which they are not in this case). ORS 30.265(3).

In Claim III, Plaintiff alleges that the State Defendants violated their official duties under the Oregon Constitution by failing to bring him to trial without delay. As Claim IV, he alleges that these Defendants acted negligently in the execution of their duties, resulting in his prolonged incarceration without a speedy trial. The Amended Complaint reflects that, while Plaintiff brings suit against the State Defendants in an individual capacity, the allegations against these Defendants are directed at the actions they took while performing their official duties. *See* Amended Complaint (#15), pp. 25-30. The Motion to Substitute is therefore granted, and the State of Oregon is hereby substituted for each of the State Defendants with respect to Claims III and IV.

## II.    <u>Motion to Dismiss (#23)</u>

The State Defendants as well as the State of Oregon move to dismiss the Amended Complaint for failure to state a claim because: (1) Defendant Bailey, a Circuit Court Judge, is entitled to judicial immunity; (2) Defendant Mollner, a state court administrator, is entitled to quasi-judicial immunity; (3) Defendants Pulver and Barton are both entitled to prosecutorial immunity; and (4) Plaintiff's state law claims are barred by sovereign immunity.

Dismissal is appropriate if Plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Amended Complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995). Dismissal for failure to state a claim is a ruling on a question of law.

3 - ORDER

*Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the Complaint and any attached exhibits. *Id.* at 1484. Allegations of fact in the Complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id.* From the facts alleged, the Court also must draw all reasonable inferences in favor of the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

### A.    Judicial Immunity

In Claim I, Plaintiff alleges that Judge Bailey failed to timely move Plaintiff's criminal case forward, deprived him of his right to a speedy trial, and made improper rulings during the long course of the criminal proceedings which originally began in 2014. For example, he contends that Judge Bailey erroneously reinstated his prior convictions without a new trial following a successful appeal, a decision that the Oregon Court of Appeals later reversed during a second direct appeal. He also makes general allegations of misconduct by Judge Bailey which include allegations of conflicts with judges and attorneys, improperly favoring campaign contributors, and failing to comply with Oregon's mask mandates.

Judges are immune from liability when they possess jurisdiction over the subject matter and they are performing judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Immunity applies regardless of whether the actions complained of are alleged to have been in error, performed with malice, or were outside of the judge's authority.  *Id* at 356-57. Judicial immunity applies not only to cases involving monetary damages, but also to declaratory, injunctive, and other equitable relief.  *Moore v. Brewster,* 96 F.3d 1240, 1243 (9th Cir. 1996), *superseded by*

4 - ORDER

*statute on other grounds; Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987). "A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988).

Plaintiff makes many allegations regarding Judge Bailey, but those allegations that pertain directly to Plaintiff revolve around Judge Bailey's handling of Plaintiff's criminal case. While Judge Bailey's decisions did not survive appellate scrutiny on two occasions, and although Plaintiff was confined for an extended period of time without a retrial or other remedial action, the actions and omissions attributed to Judge Bailey occurred in his judicial capacity while presiding over Plaintiff's criminal case such that his actions fall under the protections of judicial immunity. *See Duvall v. County of Kitsap,* 260 F.3d 1124, 1133 (9th Cir. 2001) (judicial immunity applies where the acts in question are normal judicial functions and center around a case pending before the judge). Even though Plaintiff accuses Judge Bailey of acting with malice, Amended Complaint (#15), p. 6, "a judicial act does not stop being a judicial act even if the judge acted with 'malice or corruption of motive.'" *Lund v. Cowan,* 5 4th 964, 972 (9th Cir. 2021) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)). Judge Bailey is therefore immune from liability as to all claims and, therefore, dismissed from this suit. *See Mireless v. Waco,* 502 U.S. 9, 11 (1991) (judges are absolutely immune from suit arising out of judicial acts performed in their judicial capacity).

### B.    Quasi-Judicial Immunity

Plaintiff also alleges in Claim I that Defendant Mollner, the Washington County Court Administrator, violated his Sixth Amendment right to a speedy trial as well as his rights under

the Oregon Constitution when he failed to timely enter Plaintiff's appellate judgment into the record, thereby delaying his criminal proceedings by over 500 days. "Absolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotation omitted). Even if a nonjudicial officer acts or fails to act in the absence of a judicial directive, that officer will continue to enjoy quasi-judicial immunity so long as the act or omission was not "done in the clear absence of all jurisdiction." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1390 (9th Cir. 1987). Quasi-judicial immunity extends not only to judicial acts, but also "purely administrative acts . . . [which] are actually a part of the judicial function." *In re Castillo,* 297 F.3d at 952.

Although filing judgments is administrative in nature, it is also intertwined with the judicial function insofar as the filing of the appellate judgment in Plaintiff's criminal case was the action that gave the judgment judicial effect. In this respect, any omission by Defendant Mollner in filing the appellate judgment falls within the protection of quasi-judicial immunity. *See Morrison v. Jones,* 607 F.2d 1269, 1273 (9th Cir. 1979) ([a clerk of court's] failure, if any, to perform a ministerial duty which was a part of judicial process is . . . clothed with quasi-judicial immunity."). Defendant Mollner is therefore dismissed from this lawsuit.

### C.    Prosecutorial Immunity

Similar to his allegations against Judge Bailey and Administrator Mollner, in his first claim Plaintiff alleges that two prosecutors involved in his case, Defendants Pulver and Barton, failed to advance the criminal action in violation of his Sixth Amendment right to a speedy trial and his Fourteenth Amendment right to due process. He claims that they did nothing to alert the

6 - ORDER

Washington County Circuit Court of the need to set a trial date despite having reason to know: (1) he was incarcerated in the Washington County Jail because they arranged his transfer from the Oregon State Correctional Institution to the Washington County Jail for the purpose of a criminal trial; and (2) he had filed motions in his criminal case while it continued to sit idle.

State prosecuting attorneys are entitled to absolute prosecutorial immunity from damages actions for acts or omissions performed in their capacity as prosecutors. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976). This immunity applies when a prosecutor is performing a function that is "intimately associated with the judicial phase of the criminal process" or "when performing the traditional functions of an advocate." *Garmon v. County of Los Angeles,* 828 F.3d 837, 842 (9th Cir. 2016) (citation omitted). "However, when prosecutors perform administrative or investigative functions, only qualified immunity is available." *Botello v. Gammick,* 413 F.3d 971, 975-76 (9th Cir. 2005).

"[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976); *see also Schrob v. Catterson,* 948 F.2d 1402, 1404 (3d. Cir. 1991) (preparation to prepare a case is a process protected by prosecutorial immunity). The decision as to how and when to handle the retrial of a criminal defendant cannot be said to be solely administrative or ministerial, thus Defendants Pulver and Barton are immune from Plaintiff's suit for damages. They are not, however, entitled to prosecutorial immunity from his requests for injunctive and declaratory

relief.[1] *Gobel v. Maricopa Cty.*, 867 F.2d 1201, 1203 n.6 (9th Cir. 1989) (citing *Supreme Court of Va. v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 736 (1980) (Prosecutorial immunity does not extend to actions for injunctive or declaratory relief.).

    **D.**    **<u>Sovereign Immunity</u>**

    In the wake of the Court's decision to substitute the State of Oregon in place of the individual State Defendants for Plaintiff's Claims III and IV, Claim III of the Amended Complaint now alleges that the State of Oregon had a duty under the Oregon Constitution to bring him to trial without delay. Claim IV of the Amended Petition raises essentially the same claim under a state law negligence theory.

    The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of anther State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Amendment has been construed to bar suits by citizens against their own states or other states. *Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 360 (2001); *Papasan v. Allain*, 478 U.S. 265, 276, (1986); *Eason v. Clark County School District*, 303 F.3d 1137, 1140 (9th Cir. 2002). As a result, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Although the State of Oregon has consented to be sued in Oregon's state courts by way

---

[1] Within Claim I, Plaintiff "seeks dismissal of all of his pending criminal charges and reversal of the convictions that were reinstated on March 27, 2024." Amended Complaint (#15), ¶ 111. In his Prayer for Relief, he prays "[f]or a declaration Defendants violated [his] constitutional rights[.]" *Id*. at ¶ 163(a).

8 - ORDER

of the Oregon Tort Claims Act, the State has not consented to be sued in federal court. *Webber v. First Student, Inc.*, 928 F.Supp. 2d 1244, 1269 (D. Or. 2013). The State of Oregon therefore enjoys the protections of the Eleventh Amendment, and Plaintiff's Claims III and IV are dismissed.

      E.    **_Heck v. Humphrey_ Bars Remaining Claims against Defendants Pulver and Barton**

Plaintiff's sole remaining claims involving any State of Oregon Defendant involve his request for injunctive and declaratory relief under the theory that Defendants Pulver and Barton violated his Sixth Amendment right to a speedy trial and his Fourteenth Amendment right to due process. In *Heck v. Humphrey*, 512 U.S. 477 (1984), the Supreme Court concluded in the context of a damages action that a plaintiff in a 42 U.S.C. § 1983 case could not present a claim that would imply the invalidity of his detention. It later made clear the full scope of *Heck* when it explained that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original). In this regard, the *Heck* bar applies not only to § 1983 suits for damages, but also actions that seek declaratory or injunctive relief.

Plaintiff alleges in his Amended Complaint that the Washington County Circuit Court reinstated his criminal convictions on March 27, 2024. Amended Complaint (#15), ¶ 111. Per the allegations of the Amended Complaint, two of his prior convictions involved non-unanimous jury verdicts and the Court takes judicial notice that Plaintiff's retrial on those two charges is

currently set for April 1, 2025.[2] *See* Washington County Circuit Court Case No. C140510CR, Docket Entries Dated 4/15/2024 & 10/3/2024. A decision in Plaintiff's favor on his Sixth and Fourteenth Amendment claims seeking declaratory or injunctive relief against Defendants Pulver and Barton would improperly imply the invalidity of his reinstated convictions. Moreover, any decision in Plaintiff's favor in this civil rights case would also improperly interfere with the retrial scheduled for April 1, 2025, something that is generally prohibited by *Younger v. Harris,* 401 U.S. 37 (1971). Accordingly, Plaintiff's claims against Defendants Pulver and Barton for injunctive and declaratory relief are summarily dismissed, without prejudice.

### III.     Washington County Defendants' Amended Motion to Dismiss (#27)

In his remaining claims, Plaintiff asserts a First Amendment retaliation claim against Defendants Massey and DeLapp (Claim II), a negligence claim against Defendants Washington County, Mitchell, Suyma, and Toney (Claim IV), and a claim for false arrest against Washington County (Claim V). Defendants Washington County, Deputy Kenneth Mitchell, Deputy Lance Suyma, Deputy Brandon Toney, Aaron Massey, and Lisa DeLapp ("Washington County Defendants") move to dismiss each of these claims for failure to state a claim upon which relief may be granted. The Court takes these claims in turn.

### A.     Claim II—Retaliation

Forty-two U.S.C. § 1983 does not have an independent statute of limitations, therefore the applicable limitation period is borrowed from the forum state. *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). Actions filed pursuant to § 1983 are characterized as personal injury actions for

---

[2] It therefore appears the Washington County Circuit Court has already reinstated 13 of Petitioner's convictions, with two charges currently slated to be retried in April 2025.

statute of limitations purposes. *McDougal v. County of Imperial*, 942 F.2d 668, 672-73 (9th Cir. 1991) (applying state personal injury limitations period to § 1983 actions). In Oregon, this period is two years.  O.R.S. 12.110(1).

As Claim II, Plaintiff alleges that Defendants Massey and DeLapp violated his First Amendment rights when they retaliated against him for filing a complaint against Defendant Massey. According to the allegations within the Amended Complaint, on September 30, 2019, Defendants Massey and DeLapp punished Plaintiff for making an adverse report against Massey. Plaintiff did not, however, initiate this federal civil rights case until April 18, 2024. Because Plaintiff failed to file this case within two years of the incident giving rise to Claim II, Claim II is untimely.

### B.      Claims IV and V: Negligence and False Arrest

Claims IV and V fault Washington County and individuals employed within the Washington County Jail for not helping Plaintiff to move his case forward and for continuing to imprison him while his criminal case sat stagnant. The Ninth Circuit has held that "prison officials charged with executing facially valid court orders enjoy absolute immunity from § 1983 liability for conduct prescribed by those orders." *Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013).  It reasoned that "prison officials enforcing court orders are performing functions necessary to the judicial process." *Id.* at 1040. In this respect, courts afford quasi-judicial immunity to jailers who execute facially valid court orders.

In this case, there is no allegation that the Washington County Defendants were confronted with a facially invalid order to detain Plaintiff. Likewise, there is no allegation that they simply ignored a court order to transport Plaintiff for a trial or other judicial proceeding.

11 - ORDER

Instead, the Washington County Defendants adhered to the Washington County Circuit Court's orders to detain Plaintiff and, in doing so, are entitled to quasi-judicial immunity.

<u>**CONCLUSION**</u>

The Motion to Substitute Party (#22) is granted. Washington County Defendants' Motion to Dismiss (#26) is denied as moot on the basis that it was superseded by the filing of the Amended Motion to Dismiss (#27). State Defendants' Motion to Dismiss (#23) and Washington County Defendants' Amended Motion to Dismiss (#27) are granted and the Amended Complaint (#15) is dismissed without leave to amend. Plaintiff's Claim I is dismissed without prejudice as to his request for injunctive and declaratory relief pertaining to Defendants Pulver and Barton. The remainder of Plaintiff's claims are dismissed with prejudice.

IT IS SO ORDERED.

1/16/2025
DATE

*Michael W. Mosman*
Michael W. Mosman
United States District Judge

12 - ORDER